Larry D. Simons CLS-B (CA Bar No. 179239)
*larry@lsimonslaw.com*
Frank X. Ruggier, CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorneys for Plaintiff Wesley H. Avery, Chapter 7 Trustee

*Fiducia in faciem incertum*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>JOSE LUIS RAMIREZ and ARACELI LARA,<br><br>Debtors. | Case No. 2:15-bk-12370-WB<br><br>Adv. Proc. No.<br><br>Chapter 7 |
| WESLEY H. AVERY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>RIGOBERTO ZAMORA and MARIA GUADALUPE RAMIREZ de ZAMORA, husband and wife<br><br>Defendants, | **COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER**<br><br>[11 U.S.C. §§ 544 and 550 and Cal. Civil Code § 3439]<br><br>DATE: TO BE SET<br>TIME: TO BE SET<br>PLACE: Ctrm 1375<br>United States Bankruptcy Court<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE DEFENDANTS, AND THEIR COUNSEL OF RECORD, IF ANY:**

For his Complaint to Avoid Fraudulent Transfer (the "Complaint") against the defendants Rigoberto Zamora and Maria Guadalupe Ramirez de Zamora (collectively the Defendants"), plaintiff Wesley H. Avery, the duly appointed, qualified and acting Chapter 7 Trustee for the estate of the debtors Jose Luis Ramirez and Araceli Lara (collectively the "Debtors") hereby alleges as follows:

1

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (E). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.\

2.  Plaintiff, Wesley H. Avery (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division which is styled <u>In re Jose Luis Ramirez and Araceli Lara</u>, bearing Case No. 2:15-bk-12370-WB (the "Bankruptcy Case").

3.  The debtors Jose Luis Ramirez and Araceli Lara (collectively the "Debtors") initiated this case by filing a joint, voluntary Chapter 7 petition on February 17, 2015 (the "Petition Date").

4.  Defendants, Rigoberto Zamora and Maria Guadalupe Ramirez de Zamora (collectively the Defendants") are individuals residing within the jurisdiction of this Court and are the Joint Debtor's sister and brother-in-law.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5.  The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which Plaintiff is seeking to recover for the benefit of creditors the improved real property commonly known as 823 West Spruce Street, Compton, California 90220, APN 6156-005-020 (the "Subject Property").

6.  Plaintiff is informed and believes and, on that basis, alleges that on or about November 16, 2009, the Debtors purchased the Subject Property for valuable consideration.

7.  Plaintiff is informed and believes and, on that basis, alleges that prior to the Petition Date, on December 13, 2012, the Debtors transferred the Subject Property (the "Subject Transfer") to the Defendants pursuant to a grant deed (the "Grant Deed") for no consideration. The Grant Deed reflects that the Subject Transfer was "a bonafide gift and the grantor received nothing in

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

1 return."

2    8.    Plaintiff is informed and believes and, on that basis, alleges that the Grant Deed was recorded in the Official Records of the Recorder's Office of Los Angeles County, California on December 13, 2012 as Instrument Number 2012-1930384.

9.    Plaintiff is informed and believes and, on that basis, alleges that on the Petition Date, the Debtors listed the Subject Property on their Schedule A with a value of $204,500 and claimed a homestead exemption in the Subject Property on their Schedule C.

10.    Plaintiff is informed and believes and, on that basis, alleges that the Subject Property is located in the Central District of California.

11.    Plaintiff is informed and believes and, on that basis, alleges that the Subject Property had a fair market value which substantially exceeded the amount of the encumbrances thereon at the time of the Subject Transfer.

12.    Plaintiff is informed and believes and, on that basis, alleges that the Subject Transfer affected a transfer of all or substantially all of the Debtors' assets.

13.    Plaintiff is informed and believes and, on that basis, alleges that pursuant to Debtors' bankruptcy schedules, Citibank, N.A. ("Citibank") and Synchrony Bank ("Synchrony") are each unsecured creditors of this estate holding allowable claims under 11 U.S.C. § 502.

14.    Plaintiff is informed and believes and, on that basis, alleges that Citibank and Synchrony were each creditors at the time of the Subject Transfer and the Subject Transfer is voidable under the Uniform Fraudulent Transfer Act of the State of California.

## FIRST CLAIM FOR RELIEF
## AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT
### [11 U.S.C. § 544(b) AND Cal. Civ. Code § 3439.04(a)]

15.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 14 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

16.    Plaintiff is informed and believes and, on that basis, alleges that the Subject Transfer was made with the actual intent to hinder, delay or defraud the Debtors' creditors.

1  17. By reason of the foregoing, the Subject Transfer is avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.04(a).

### SECOND CLAIM FOR RELIEF

**AVOIDANCE OF FRAUDULENT TRANSFER, CONSTRUCTIVE INTENT**

**[11 U.S.C. § 544(b) AND Cal. Civ. Code § 3439.05]**

18. Plaintiff realleges each and every allegation contained in paragraphs 1 through 17 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

19. Plaintiff is informed and believes and, on that basis alleges that the Subject Transfer was made for less than reasonably equivalent value at a time when the Debtors were insolvent or as a result of which the Debtors became insolvent.

20. By reason of the foregoing, the Subject Transfer is avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.05.

### THIRD CLAIM FOR RELIEF

**AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT**

**[11 U.S.C. § 544(b) AND Cal. Civ. Code § 3439.04(b)(1)]**

21. Plaintiff realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

22. Plaintiff is informed and believes and, on that basis alleges that the Subject Transfer was made without the Debtors receiving reasonably equivalent value in exchange for the Subject Transfer, and that at the time of the Subject Transfer the Debtors were engaged or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

23. By reason of the foregoing, the Subject Transfer is avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439-.04(b)(1).

///

///

///

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL 818.672.1778 • FAX 626.389.5607

## FOURTH CLAIM FOR RELIEF

## AVOIDANCE OF FRAUDULENT TRANSFER, ACTUAL INTENT

## [11 U.S.C. § 544(b) AND Cal. Civ. Code § 3439.04(b)(2)]

24. Plaintiff realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

25. Plaintiff is informed and believes and, on that basis alleges that the Subject Transfer was made without the Debtors receiving reasonably equivalent value in exchange for the Subject Transfer, and that the Defendants and the Debtors intended to incur, or reasonably should have believed that the Debtors would incur, debts beyond the Debtors' ability to pay as they became due.

26. By reason of the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.04(b)(2).

## FIFTH CLAIM FOR RELIEF

## RECOVERY OF AVOIDED TRANSFER

## [11 U.S.C. § 550(a)]

27. Plaintiff realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint and, by this reference, incorporates the allegations as though set forth fully herein.

28. By reason of the foregoing, Plaintiff is entitled to recover the Subject Property or its value from the Defendants pursuant to 11 U.S.C. § 550(a).

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

ON THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF

1. For a judgment that the Subject Transfer of the Subject Property be avoided;

ON THE FIFTH CLAIM FOR RELIEF

2. For a judgment that the Subject Property, or its respective value, be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550;

ON ALL CLAIMS FOR RELIEF

3. For attorney's fees; and

4. For costs of suit incurred herein; and

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

5. For such other and further relief as this Court deems just and proper.

Dated: May 14, 2015

**LAW OFFICES OF LARRY D. SIMONS**

_____
Frank X. Ruggier
Attorneys for Plaintiff Wesley H. Avery, Chapter 7 Trustee

6
COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Larry D. Simons, CLS-B  (CBN 179239)<br>larry@lsimonslaw.com<br>Frank X. Ruggier, CLS-B (CBN 198863)<br>frank@lsimonslaw.com<br>LAW OFFICES OF LARRY D. SIMONS<br>15545 Devonshire Street, Suite 110<br>Mission Hills, CA 91345<br><br>P: 818-672-1778; F: 626-389-5607<br><br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>JOSE LUIS RAMIREZ and ARACELI LARA<br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-12370-WB<br>CHAPTER: 7 |
|---|---|
| | ADVERSARY NUMBER: |
| WESLEY H. AVERY, Chapter 7 Trustee<br><br>Plaintiff(s)<br>Versus<br>RIGOBERTO ZAMORA and MARIA GUADALUPE RAMIREZ de ZAMORA, husband and wife<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** <u>1375</u> | **Place:**<br>☒ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.1) with an attachment for additional parties if necessary (LBR form F 7016-1.1a). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                               **KATHLEEN J. CAMPBELL**
                                               **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                           By: _____
                                                     Deputy Clerk

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
Date               Printed Name               Signature

FORM B104 (08/07)                                                      2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Wesley H. Avery, Chapter 7 Trustee | RIGOBERTO ZAMORA and MARIA GUADALUPE RAMIREZ de ZAMORA, husband and wife |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Larry D. Simons<br>Frank X. Ruggier<br>Law Offices of Larry D. Simons<br>15545 Devonshire Street, Suite 110<br>Mission HIlls, CA 91345   TEL: 818.672.1778 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Avoidance of Fraudulent Transfer per 11 U.S.C. §§ 544 and Cal. Civil Code § 3439 and Recovery of Avoided Transfer per 11 U.S.C. § 550

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 145,000.00 |

American LegalNet, Inc.
www.FormsWorkflow.com

| Other Relief Sought |
|---|
|  |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>JOSE LUIS RAMIREZ and ARACELI LARA | BANKRUPTCY CASE NO.<br>2:15-bk-12370-WB |

| DISTRICT IN WHICH CASE IS PENDING<br>Cent. Dist. of California | DIVISIONAL OFFICE<br>Los Angeles | NAME OF JUDGE<br>Julia W. Brand |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| *[signature]* ||
| DATE<br>5/14/15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Frank X. Ruggier, Counsel for Wesley H. Avery, Chapter 7 Trustee |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com